IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**FREDERICK BANKS**                                                                                          **PLAINTIFF**

v.                                        Case No. 4:13-cv-00481 KGB

**DAVENPORT, et al.**                                                                                      **DEFENDANTS**

## OPINION AND ORDER

Before the Court is plaintiff Frederick Banks's complaint and complaint for a writ of mandamus (Dkt. No. 1) and his application to proceed *in forma pauperis* (Dkt. No. 2). Based on Mr. Banks's application to proceed *in forma pauperis*, he does not have the funds to pay the filing fee. Accordingly, his application is granted (Dkt. No. 2).

The *in forma pauperis* statute, 28 U.S.C. § 1915(e)(2)(B), requires that a lawsuit be dismissed if it is (1) frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. While *sua sponte* dismissals are disfavored, "[s]ection 1915(e)(2)(B) applies to both prisoner and non-prisoner *in forma pauperis* cases." *Fletcher v. Jasper Police Dept.*, No. 1:09-CV-977, 2012 WL 5878807 (E.D. Tex. Oct. 18, 2012) (citing *Newsome v. E.E.O.C.,* 301 F.3d 227, 231–33 (5th Cir. 2002)). *See also* Charles Alan Wright, *et al.*, § 3970 *Procedure for Appeals in Forma Pauperis*, 16AA Fed. Prac. & Proc. Juris. (4th ed.) ("The PLRA also made some changes that affect non-prisoner litigants. In particular, the PLRA amended what is now Section 1915(e)(2) concerning the dismissal of a case. The current statutory language is mandatory ('shall dismiss') and adds to the list of reasons for dismissal that the action fails to state a claim or that it seeks monetary relief against a defendant who is immune from such relief."); *Bey v. Superior Protection, Inc.*, No. 4:08CV004191 JLH, 2009 WL 1058054 (E.D. Ark. Apr. 20, 2009) (adopting proposed

finding and recommendation of United States Magistrate Judge Henry L. Jones, Jr.) ("Although many of the provisions in § 1915 specifically refer to and apply only to prison inmates, the language in § 1915(e)(2) does not distinguish between prisoner and non-prisoner complaints. Under this provision, the court must dismiss a complaint at any time it determines the claims raised are legally frivolous or malicious, fail to state a claim for relief or seek monetary relief against a defendant who is immune from damages."); *Zessin v. Nebraska Health & Human Services*, No. 807CV247, 2007 WL 2406967 (D. Neb. Aug. 20, 2007) (collecting cases in which the Eighth Circuit and other courts have affirmed dismissals under 28 U.S.C. § 1915(e)(2)(B) in non-prisoner cases) ("[I]t is clear that 28 U.S.C. § 1915(e)(2)(B) authorizes dismissal of complaints filed *in forma pauperis* without regard to whether the plaintiff is a prisoner."). A claim is frivolous if it "describe[es] fantastic or delusion scenarios," the factual contentions are "clearly baseless," or there is no rational basis in law. *Neitzke v. Williams*, 490 U.S. 319, 327-29 (1989).

The Court has reviewed Mr. Banks's complaint. Mr. Banks contends that various defendants, including the Federal Bureau of Prisons and some of its named and unnamed officials, the United States of America, State Farm, and Amazon.com, among others, have been using "remote neural monitoring" to harass him via satellite (Dkt. No. 1). In his complaint, Mr. Banks requests a writ of mandamus against defendants as well as more than 94 million dollars in damages. The core allegations of Mr. Banks's complaint are similar to more than 20 cases he has filed previously in the Eastern District of Arkansas that have been dismissed. *See, e.g.*, *Banks v. Thompson*, 4:13-cv-00382 (E.D. Ark.); *Banks v. Davenport*, 4:13-cv-00412 (E.D. Ark.); *Banks v. Roberts*, 2:13-cv-00070 (E.D. Ark.); *Banks v. Clinton*, 4:12-cv-00183 (E.D. Ark.). Furthermore, by recent Order of this Court, filed after proceedings in the instant case began,

Chief Judge Brian S. Miller dismissed a similar action as frivolous and, citing Mr. Banks's status as a "notoriously frivolous filer," directed the Clerk of Court to "no longer accept any filings from Frederick Banks, in any case, without prior approval." *Banks v. Antitrust Division*, 4:13-cv-00455 (E.D. Ark.).

Even according Mr. Banks's complaint the very liberal construction to which it is entitled, setting aside the question of whether some defendants are immune, and assuming that he has stated sufficient facts to support a violation of law, the Court determines that Mr. Banks's complaint is frivolous and must be dismissed *sua sponte*.

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a pre-answer motion to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P.12(b)(6). As the Eighth Circuit Court of Appeals recently explained:

> We review *de novo* the district court's grant of a motion to dismiss, accepting as true all factual allegations in the complaint and drawing all reasonable inferences in favor of the nonmoving party. *See Palmer v. Ill. Farmers Ins. Co.*, 666 F.3d 1081, 1083 (8th Cir. 2012); *see also* Fed.R.Civ.P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

*Richter v. Advance Auto Parts, Inc.*, 686 F.3d 847, 850 (8th Cir. 2012). Courts consider "plausibility" by "'draw[ing] on [our own] judicial experience and common sense,'" *Whitney v. Guys, Inc.*, 700 F.3d 1118, 1128 (8th Cir. 2012) (quoting *Iqbal*, 556 U.S. at 679), and "'review[ing] the plausibility of the plaintiff's claim as a whole, not the plausibility of each individual allegation.'" *Id.* (quoting *Zoltek Corp. v. Structural Polymer Group*, 592 F.3d 893, 896 n.4 (8th Cir. 2010)). The Eighth Circuit Court of Appeals has refused, at the pleading stage, "to incorporate some general and formal level of evidentiary proof into the 'plausibility'

3

requirement of *Iqbal* and *Twombly*." *Whitney*, 700 F.3d at 1128. Nevertheless, the question "is not whether [the pleader] might at some later stage be able to prove [facts alleged]; the question is whether he has adequately asserted facts (as contrasted with naked legal conclusions) to support his claims." *Id*. at 1129. Mr. Banks has not.

Consistent with the above, this case must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). The complaint and all claims in this matter are dismissed without prejudice. Judgment will be entered accordingly.

SO ORDERED this the 15th day of October, 2013.

_____
Kristine G. Baker
United States District Judge